**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re B.C.A.*, Slip Opinion No. 2024-Ohio-5761.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5761

IN RE B.C.A.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re B.C.A.*, Slip Opinion No. 2024-Ohio-5761.]**

*Appeal dismissed as having been improvidently accepted.*

(No. 2023-1260—Submitted December 5, 2024—Decided December 10, 2024.)

APPEAL from the Court of Appeals for Lake County,

No. 2022-L-101, 2023-Ohio-2931.

_____

The below judgment entry of the court was joined by FISCHER, DONNELLY, STEWART, and BRUNNER, JJ. STEWART, J., authored a concurring opinion, which DONNELLY, J., joined. KENNEDY, C.J., dissented. DETERS, J., dissented, with an opinion joined by DEWINE, J.

{¶ 1} This cause is dismissed as having been improvidently accepted.

_____

**STEWART, J., joined by DONNELLY, J., concurring.**

{¶ 2} I fully concur in the majority's decision to dismiss this case as having been improvidently accepted. I write separately to address the head-scratching hypocrisy of the dissenting opinion.

{¶ 3} When this court decided *In re Application for Correction of Birth Record of Adelaide*, 2024-Ohio-5393, a case that was pending for over a year, three justices—the same three justices dissenting in this case—voted to dispose of the case by determining that there was a lack of adversity. Those justices concluded in the fourth separate opinion in *Adelaide* that the Second District Court of Appeals, and consequently this court, had no judicial power to review the matter. The author of the fourth separate opinion in *Adelaide*—the same author of the dissenting opinion in this case—wrote that "judicial power extends only to actual controversies in which there are adverse interests" and that in Adelaide's case "there was no adverse interest to Adelaide's application to correct the sex marker on her birth certificate" and therefore "the court of appeals had no power to determine her appeal of the probate court's denial of her application," *id.* at ¶ 109 (separate opinion of Deters, J.). Now, the dissent here does a complete about-face in concluding that the very issues that could not be reviewed in *Adelaide* can—and should—miraculously be reviewed in this case. To add insult to injury, the dissent accuses the justices in the majority in this case of doing a "disservice to B.C.A. [and] other applicants seeking to use R.C. 3705.15 to change the sex markers on their birth certificates" and "shirking our responsibility to provide guidance to lower courts," dissenting opinion, ¶ 10. So, to be clear, the dissent here chastises the majority for dismissing this case that presents the same issues that were presented in *Adelaide*—the same issues that the dissenting justices here had the opportunity to address in *Adelaide* after over a year of deliberation only to conclude they were barred from doing so. But *we* are accused of ducking the issues in this case.

**{¶ 4}** The fourth separate opinion in *Adelaide* also spoke about the futility of additional briefing on the justice-raised adversity issue and determined that inviting an adverse view from another entity would not satisfy what the opinion concluded was fatal to Adelaide's case—the lack of adversity—and therefore decided that the substantive propositions of law raised in *Adelaide* could not be reviewed. The fourth separate opinion declared, "[T]he problem is not the absence of adverse argument. Instead, there is no opposing interest. Were the probate court to grant Adelaide's application, no other person or entity would suffer a diminution of a legal interest. This is why this court *cannot remedy the adversity issue by . . . ordering additional briefing or appointing an adverse party to raise counterarguments. With no interest adverse to Adelaide's, there is no counterargument to be made*." (Emphasis added and citation omitted.) *Adelaide* at ¶ 103 (separate opinion of Deters, J.).

**{¶ 5}** The sanctimonious tone of the dissent in this case is perplexing. The dissent decries not letting this appeal go forward but does not identify any difference between this appeal and the appeal in *Adelaide*. The dissent points out in a footnote that I voted to accept the appeal in *Adelaide* and in this case. True. But *Adelaide* had not yet been decided when this court accepted B.C.A.'s appeal, and this court typically holds a latter-filed appeal that presents the same issues as a pending appeal. Now that *Adelaide* has been decided in the way that it has, the dissent incredulously states that it would be a disservice *not* to allow B.C.A.'s appeal to go forward—an option the fourth separate opinion completely foreclosed in *Adelaide*.

**{¶ 6}** There is indeed a disservice here but not as the dissent describes it. The disservice is that the dissenting justices ask B.C.A. to spend time and resources to address these issues while feigning that they have an open mind or are receptive to any briefed arguments on the merits of this case or on the adversity issue—both encompassing issues they foreclosed in *Adelaide*.

{¶ 7} Although the dissenting opinion in this case is perplexing considering the conclusion reached in the fourth separate opinion in *Adelaide*, what may be a not-so-veiled reason for the questionable and hypocritical position taken in this case is the hope that by having the case proceed and with the upcoming change to the composition of the court—a court that might be more like-minded and maybe more receptive to their newly crafted adversity theory—the dissenting justices could resurrect their position in *Adelaide* and transform the wayward fourth separate opinion in that case into a majority opinion in this case by garnering one or two more votes to embrace their position. But for today, this case is dismissed.

_____

**DETERS, J., joined by DEWINE, J., dissenting.**

{¶ 8} I dissent from this court's dismissal of this case as having been improvidently accepted. We do a disservice by not allowing B.C.A.'s appeal to proceed.

{¶ 9} This court accepted B.C.A.'s appeal and held it for the decision in 2022-0934, *In re Application for Correction of Birth Record of Adelaide*. 2023-Ohio-4640. Last month, this court issued a judgment entry in *Adelaide*. *See* 2024-Ohio-5393. In that case, we left undisturbed the Second District Court of Appeals' judgment for lack of a majority. *Id.* at ¶ 1. Four separate opinions were released in addition to the judgment entry. In a separate opinion joined by two other justices, I explained that I would find that the court of appeals had lacked the judicial power to decide Adelaide's appeal from the probate court's decision denying her application to correct the sex marker on her birth certificate. *Id.* at ¶ 94 (separate opinion of Deters, J.). The other four justices—all of whom now vote to dismiss B.C.A.'s appeal—expressed the desire to receive supplemental briefing on the issue of adversity. *See id.* at ¶ 5 (separate opinion of Fischer, J.) (noting that this court's failure to order supplemental briefing on the issue of adversity was "an egregious judicial mistake"); *id.* at ¶ 34 (separate opinion of Donnelly, J., joined by Stewart,

4

J.) ("resolving the issue of adversity likely warrants supplemental briefing"); *id.* at ¶ 91 (separate opinion of Brunner, J.) ("when newly raised concerns about adversity may be fairly addressed by utilizing procedural mechanisms that would lead to a broadening of the discussion, dismissing an appeal without utilizing those procedural mechanisms is wrongheaded and unjust"). B.C.A.'s appeal presents the opportunity to order such briefing. But the majority chooses instead to duck the issue and dismiss B.C.A.'s appeal.

{¶ 10} Today's decision does a disservice to B.C.A., other applicants seeking to use R.C. 3705.15 to change the sex markers on their birth certificates, and Ohio courts. As previously noted by one of the justices in today's majority, "[t]he bench, bar, and citizens of Ohio . . . are waiting for this court to decide whether R.C. 3705.15 allows probate courts to enter the sort of correction to a birth record" being requested by applicants, *id.* at ¶ 34 (separate opinion of Donnelly, J.). By refusing to allow B.C.A.'s appeal to move forward, we are leaving unresolved the questions raised in the separate opinions accompanying our judgment entry in *Adelaide* and we are shirking our responsibility to provide guidance to lower courts.[1] I dissent.

───────────────

Forbes Law, L.L.C., Monica R. Zibbel, and Glenn E. Forbes, for appellant, B.C.A.

─────────────────────

1. In her concurring opinion accusing me of hypocrisy, the concurring justice lays bare her reason for voting to dismiss B.C.A.'s appeal as having been improvidently accepted. The concurring justice does not claim that the appeal fails to "involve[] a question of public or great general interest" under S.Ct.Prac.R. 5.02(A)(3). How could she? She voted to accept both this appeal and *Adelaide*. *See* 2023-Ohio-4640; *In re Application for Correction of Birth Record of Adelaide*, 2022-Ohio-3546. And nothing has changed regarding the general interest in the issues raised in these appeals. Instead, the concurring justice's reason for voting to dismiss B.C.A.'s appeal appears to be that she anticipates disagreeing with the result at which the differently composed court may arrive. So, the concurring justice does the "about face," concurring opinion, ¶ 3, that she claims I am doing and deprives the court—including the newly elected justices—of the opportunity to consider issues she previously agreed should be considered.

_____